**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| GREGORY L. HORNE, | : | Case No. 2:23-cv-2647 |
| Petitioner, | : | Judge Michael H. Watson |
| vs. | : | Magistrate Judge Chelsey M. Vascura |
| [WARDEN, FCI – MILAN], | : | |
| Respondent. | : | |

### DEFICIENCY ORDER

Gregory L. Horne, a federal prisoner, recently submitted documents to the United States District Court for the Southern District of Ohio, Eastern Division at Columbus. He submitted a two-page document entitled "28 U.S.C. 2241 Emergency Motion for Immediate Release By First Step Act," which attaches a two-page "Memo." (ECF No. 1.) Both documents are expressly directed to the Clerk of this Court in Columbus. Petitioner did not submit a formal habeas corpus petition with the Motion and does not otherwise have any cases pending in this Court. The Motion instituted this new case, which has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22-05.

It is not clear why Petitioner submitted these documents to this Court in the Southern District of Ohio. The Motion bears a case number, Case No. 4:18-cr-261-1, which corresponds to Petitioner's federal criminal case in the Northern District of Ohio, Eastern Division at Youngstown. Petitioner also provides the case number of a related appeal pending in the United States Court of Appeals for the Sixth Circuit, Appeal No. 23-3598. The online docket of that case reflects that Petitioner recently asked the Sixth Circuit to return his request for relief under

the First Step Act—the same relief he requests here—to the District Court. Appeal No. 23-3598 was taken from <u>Northern</u> District Case No. 4:18-cr-261-1. Petitioner may have inadvertently directed his recent filing to the Clerk of this Court when he intended to submit it to the District Court for the Northern District of Ohio.

It is also not clear whether this Court would be an appropriate venue for Petitioner's request for release.[1] Because a formal Petition seeking relief under 28 U.S.C. § 2241 was not filed with the Motion, many other details—including the identity of the respondent—are unknown. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 actions under Rule 1(b)) (requiring a habeas case to be initiated by a petition on or substantially following the "Standard Form").

Petitioner says he is confined at "FCI – Milan," which is a federal prison in Milan, Michigan. (*See* ECF No. 1, PageID 1.) In the usual habeas corpus challenge to "present physical confinement," the "immediate custodian" having physical custody of petitioner is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). "Generally this means . . . the warden of the facility where the prisoner is being held." *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010). *Cf. Tennebar v. United States*, No. 1:22-cv-403, 2022 WL 17250295, at *2 (S.D. Ohio Nov. 28, 2022) ("While some ambiguity exists concerning who may constitute the appropriate 'person' for purposes of claims under the First Step Act," a petitioner

---

[1] *See United States v. Greenwood*, No. 1:08-cr-54, 2019 WL 7602069, at *2 (W.D. Mich. May 6, 2019) ("if Defendant is dissatisfied with the administrative determination of the execution of his sentence, his remedy is filing a writ of habeas corpus under 28 U.S.C. § 2241 and the only proper venue for such is a petition is the district of incarceration, not the district in which he was sentenced."); *United States v. Ralston*, No. 3:13-cr-105, 2020 WL 2600976, at *1 (W.D. Ky. May 21, 2020) ("the proper venue for a § 2241 petition is in the judicial district where the prisoner is confined or his custodian is located"); *Gratton v. Dismas Charities, Inc.*, No. 3:20-cv-509, 2021 WL 4163992, at *4 (M.D. Tenn. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4149126 (M.D. Tenn. Sept. 13, 2021) ("A federal prisoner must proceed under Section 2241 in the district court having jurisdiction over his custodian."); *United States v. Smiley*, No. 1:09-cr-082, 2021 WL 3404192, at *1 (S.D. Ohio Aug. 4, 2021), *report and recommendation adopted*, 2021 WL 4126202 (S.D. Ohio Sept. 9, 2021) (proper venue for § 2241 petition by federal prisoner confined in West Virginia was a West Virginia court).

must "direct his Petition 'to the person having custody of the person detained'" according to 28 U.S.C. § 2243).

Petitioner also has not paid the $5 filing fee to institute a habeas corpus action, 28 U.S.C. § 1914(a), or alternatively, filed an application to proceed *in forma pauperis* and without paying the fee.

To seek to proceed in this § 2241 action in the Southern District of Ohio, Petitioner is **ORDERED** to do both of the following:

1. Pay the $5 filing fee <u>or</u> submit a completed application to proceed *in forma pauperis*.

2. Complete and return the standard form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."

Petitioner must take these steps **within thirty days**.  If he does not, this case may be dismissed for failure to prosecute.  If Petitioner inadvertently filed in this Court and would like to voluntarily dismiss this new case, he may file a notice so stating.

To assist Petitioner, the Clerk of Court is **DIRECTED** to provide him blank copies of the Application and § 2241 Petition forms for his use.

Petitioner is advised that he must keep the Court informed of his current address while this case is pending and promptly notify the Court if he is released or transferred.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE

3