UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| GREGORY L. HORNE, | : | Case No. 2:23-cv-2647 |
| Petitioner, | : : | Judge Michael H. Watson |
| vs. | : : | Magistrate Judge Chelsey M. Vascura |
| [WARDEN, FCI – MILAN], | : : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Gregory L. Horne, a federal prisoner, recently submitted documents to the United States District Court for the Southern District of Ohio, Eastern Division at Columbus. He submitted a two-page document entitled "28 U.S.C. 2241 Emergency Motion for Immediate Release By First Step Act," which attaches a two-page "Memo." (ECF No. 1.) Both documents are expressly directed to the Clerk of this Court in Columbus. Petitioner did not submit a formal habeas corpus petition with the Motion and does not otherwise have any cases pending in this Court. The Motion instituted this new case.

On August 22, 2023, the Court issued a Deficiency Order to Petitioner, saying:

It is not clear why Petitioner submitted these documents to this Court in the Southern District of Ohio. The Motion bears a case number, Case No. 4:18-cr-261-1, which corresponds to Petitioner's federal criminal case in the Northern District of Ohio, Eastern Division at Youngstown. Petitioner also provides the case number of a related appeal pending in the United States Court of Appeals for the Sixth Circuit, Appeal No. 23-3598. The online docket of that case reflects that Petitioner recently asked the Sixth Circuit to return his request for relief under the First Step Act—the same relief he requests here—to the District Court. Appeal No. 23-3598 was taken from Northern District Case No. 4:18-cr-261-1. Petitioner may have inadvertently directed his recent filing to the Clerk of this Court when he intended to submit it to the District Court for the Northern District of Ohio.

It is also not clear whether this Court would be an appropriate venue for Petitioner's request for release.  Because a formal Petition seeking relief under 28 U.S.C. § 2241 was not filed with the Motion, many other details—including the identity of the respondent—are unknown.  *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 actions under Rule 1(b)) (requiring a habeas case to be initiated by a petition on or substantially following the "Standard Form").

Petitioner says he is confined at "FCI – Milan," which is a federal prison in Milan, Michigan.  (*See* ECF No. 1, PageID 1.)  In the usual habeas corpus challenge to "present physical confinement," the "immediate custodian" having physical custody of petitioner is the proper respondent.  *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).  "Generally this means . . . the warden of the facility where the prisoner is being held."  *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010).  *Cf. Tennebar v. United States*, No. 1:22-cv-403, 2022 WL 17250295, at *2 (S.D. Ohio Nov. 28, 2022) ("While some ambiguity exists concerning who may constitute the appropriate 'person' for purposes of claims under the First Step Act," a petitioner must "direct his Petition 'to the person having custody of the person detained'" according to 28 U.S.C. § 2243).

Petitioner also has not paid the $5 filing fee to institute a habeas corpus action, 28 U.S.C. § 1914(a), or alternatively, filed an application to proceed *in forma pauperis* and without paying the fee.

To seek to proceed in this § 2241 action in the <u>Southern</u> District of Ohio, Petitioner is **ORDERED** to do both of the following:

> 1. Pay the $5 filing fee or submit a completed application to proceed *in forma pauperis*.
>
> 2. Complete and return the standard form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."

Petitioner must take these steps within thirty days. If he does not, this case may be dismissed for failure to prosecute.  If Petitioner inadvertently filed in this Court and would like to voluntarily dismiss this new case, he may file a notice so stating.

To assist Petitioner, the Clerk of Court is **DIRECTED** to provide him blank copies of the Application and § 2241 Petition forms for his use.

(ECF No. 2, PageID 6-8 (footnote omitted).)

Petitioner's response(s) to the Deficiency Order were due by September 21, 2023.  To date, no action has been taken in the case.

2

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner was warned that his case may be dismissed if he did not respond to the Court's Deficiency Order, but he did not respond. (*See* ECF No. 2, PageID 8.)

Accordingly, the undersigned **RECOMMENDS** that this Court **DISMISS** this case without prejudice for failure to prosecute. *See Foster v. Ohio*, No. 2:23-cv-433, 2023 WL 4757602, at *2 (S.D. Ohio July 26, 2023) (dismissing habeas case where petitioner failed to satisfy deficiency order requiring him to pay the filing fee or move to proceed *in forma pauperis*, and failed to submit a petition on the standard form).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to respond with the Court's Deficiency Order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) (The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  */s/ Chelsey M. Vascura*
                                                  Chelsey M. Vascura
                                                  UNITED STATES MAGISTRATE JUDGE